NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3662
_____

PAUL SCAGNELLI; JAMES HAMILL; CARL COSENZO

v.

RONALD A. SCHIAVONE


Paul Scagnelli; James Hamill,
                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No. 3-09-cv-03660)
District Judge:  Honorable Mary L. Cooper
_____

Argued June 11, 2013
_____

BEFORE:  McKEE, *Chief Judge*, and AMBRO and GREENBERG, *Circuit Judges*

(Filed:  September 11, 2013)

Jay S. Becker (Argued)
Catherine J. Bick
Giordano, Halleran & Ciesla, P.C.
125 Half Mile Road, Suite 300
Red Bank, New Jersey 07701

        *Counsel for Appellants*

James E. Cecchi
Lindsey H. Taylor (Argued)
Carella, Byrne, Cecchi, Olstein, Brody & Agnello
5 Becker Farm Road
Roseland, New Jersey 07068
    *Counsel for Appellee*

_____

OPINION

_____

McKEE, *Chief Judge*

Paul Scagnelli and James Hamill appeal an order entered by the District Court granting summary judgment to Ronald Schiavone.[1] For the reasons set forth below, we will affirm.[2]

## I.

Because we write primarily for the parties who are familiar with this case, we only briefly recite the procedural history and essential facts.

We exercise plenary review over a grant of summary judgment. *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 676 F.3d 318, 323 (3d Cir. 2012). Summary judgment is only appropriate when there is no issue in dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. *See id.* A grant of summary judgment is reviewed in the light most favorable to the non-moving party. *See*

---

[1] Carl Cosenzo was also a plaintiff but he did not appeal the District Court's grant of summary judgment.

[2] The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction pursuant to 28 U.S.C. § 1291.

*id.* This means that all reasonable inferences must be drawn in the non-movant's favor. *See id.*

## II.

Scagnelli and Hamill contend that the District Court erred because (A) there were genuine issues of fact concerning the existence of an implied or oral contract, (B) since there may have been a contract, their good faith and fair dealing claim should not have been dismissed, and (C) the Court decided genuine issues of fact and overlooked caselaw in dismissing their promissory estoppel claim. We disagree.

### A.

Under New Jersey law,[3] "[a] contract arises from offer and acceptance, and must be sufficiently definite that the performance to be rendered by each party can be ascertained with reasonable certainty." *Baer v. Chase*, 392 F.3d 609, 618-19 (3d Cir. 2004) (quoting *Weichert Co. Realtors v. Ryan*, 128 N.J. 427, 435 (1992)). A contract may be: (1) express, including oral or written, (2) implied-in-fact, and (3) implied-in-law. *See Wanaque Borough Sewerage Authority v. Township of West Milford*, 144 N.J. 564, 574 (1996) (internal quotation omitted). A contract is "express if the agreement is manifested in written or spoken words, and implied-in-fact if the agreement is manifested by conduct." *Id.* By contrast, "'[c]ontract implied-in-law' is a somewhat disfavored synonym for 'quasi-contract.'" *Id.* Here, the so-called "Troika" had no enforceable contract, express or implied, because of insufficient certainty of the material terms of an alleged agreement. *See Morton v. 4 Orchard Land Trust*, 849 A.2d 164, 170 (N.J. 2004).

---

[3] The parties do no dispute that New Jersey law governs all claims in this case.

The parties never agreed on a specific percentage of sale proceeds to be given to the Troika, nor when and how proceeds would be provided. *See Heim v. Shore*, 151 A.2d 2d 556, 562 (N.J. App. Div. 1959) (alleged agreement was too indefinite to constitute a contract because "still open for negotiation were the terms of payment, including the principal amount of the mortgage, the due date, the interest rate, and the usual provisions with respect to default in interest and taxes."). Rather than showing the existence of a contract, the draft agreements, oral communications, and other conduct indicate that the Troika engaged in ongoing negotiations with Schiavone. Furthermore, the negotiations concerned forming an employment agreement with SCC, not Schiavone. Accordingly, the claim for breach of an implied or oral contract fails as a matter of law.

## B.

Under New Jersey law, every contract has an implied covenant of good faith and fair dealing. *See Wilson, et al. v. Amerada Hess Corp., et al.*, 773 A.2d 1121, 1126-27 (N.J. 2001) (internal quotation omitted). As explained by the District Court, Scagnelli and Hamill's claim under this theory fails because there was no contract from which an implied covenant could arise. *See Noye v. Hoffmann-La Rouche, Inc.*, 570 A.2d 12 (N.J. App. Div. 1990) ("In the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing.").

## C.

"Promissory estoppel is made up of four elements: (1) a clear and definite promise; (2) made with the expectations that the promisee will rely on it; (3) reasonable reliance; and (4) definite and substantial detriment." *Toll Bros., Inc., et al. v. Board of*

4

*Chosen Freeholders of County of Burlington, et al.*, 944 A.2d 1, 19 (N.J. 2008). "Under New Jersey law, the sine qua non of a promissory estoppel claim is a clear and definite promise." *Ross v. Celtron Int'l, Inc.*, 494 F. Supp. 2d 288, 296 (D.N.J. 2007). As Judge Cooper clearly explained in her carefully crafted and thorough opinion, Scagnelli and Hamill's promissory estoppel claim fails because Schiavone's promise to "do something" or "take care of" the Troika was vague in the extreme. *See Del Sontro v. Cedant Corp.*, 223 F. Supp. 2d 563, 574 (D.N.J. 2001) ("Indefinite promises or promises subject to change by the promisor are not 'clear and definite' and cannot give rise to a claim of promissory estoppel."); *Automated Salvage Transport, Inc., etc., et al. v. NV Koninklijke KNP BT, et al.,* 106 F. Supp. 2d 606, 622 (D.N.J. 1999) ("Plaintiffs point to many alleged misrepresentations made by [defendant]. They fail, however, to single out a *concrete* promise.") (emphasis added).

## III.

Accordingly, we will affirm the order granting summary judgment in favor of Schiavone.